# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK FAREWELL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00463 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHRISTOPHER C. GRAHAM,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Mark Farewell, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that he was wrongfully convicted because of omissions by the defendant — his criminal defense attorney. Upon review of the allegations, I find that this lawsuit must be summarily dismissed without prejudice as frivolous.

Specifically, Farewell alleges that the defendant conspired with the prosecution, failed to investigate or prepare for trial, concealed the fact that the charged assault could not possibly have happened, did not call witnesses or cross-examine the prosecution witnesses for bias, spoke with one of those witnesses outside Farewell's presence, and failed to move for a mistrial. Farewell contends that these actions and omissions caused him to be convicted in violation of his constitutional rights and seeks compensatory damages.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) ("Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States."). Lawyers, even lawyers appointed by a state court to represent a criminal defendant, do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Because the defendant's alleged professional deficiencies occurred while he was acting as Farewell's defense attorney, those actions were not taken under color of state law as required to provide the basis for suit under § 1983. Therefore, I will summarily dismiss the action under § 1915A(b)(1) as frivolous.

A separate Final Order will be entered herewith.

DATED: November 10, 2014

/s/ James P. Jones
United States District Judge